# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**Carlos Rodriguez-Colon,**

        **Petitioner,**

**-vs-**                                                **Case No. 6:08-cv-1891-Orl-18GJK**

**United States of America ,**

        **Respondent.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Petitioner's, Carlos Rodriguez-Colon ("Petitioner"), Motion to Vacate, Set Aside, or Correct an Illegal Sentence filed pursuant to 28 U.S.C. § 2255 (the "Motion") (Doc. 1). The Respondent, the United States of America (the "Government"), filed a response in opposition to the Motion in compliance with the Court's scheduling order and with *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. 3). Petitioner, thereafter, filed a Reply (Doc. 5).

## I. Overview

Petitioner asserts four separate claims for relief in his Motion, all of which are predicated on an alleged ineffective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution. Specifically, Count I asserts that Petitioner's counsel was ineffective in failing to preserve a claim that his speedy trial rights were violated. Count II asserts that Petitioner's counsel was ineffective in failing to preserve a *Booker* and actual innocence claim. Count III asserts that Petitioner's counsel was ineffective in failing to preserve a claim that his sentence was

illegal as a matter of law. Count IV asserts that Petitioner's counsel was ineffective in failing to preserve a claim that seized evidence was the fruit of the poisonous tree.

The Government argues, *inter alia*, that Petitioner has procedurally defaulted all his claims. Even assuming, *arguendo*, that Petitioner's claims are not procedurally defaulted, the Government contends that Petitioner's four claims are without merit.

As addressed in further detail, *infra*, because the Court concludes that Petitioner has procedurally defaulted all of his claims, the Motion will be denied. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Procedural History

On April 17, 2007, Petitioner was charged by Complaint with conspiring to possess with intent to distribute and with conspiring to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (CR-Doc. 1).[1] Petitioner was subsequently indicted for the same offense on May 9, 2007 (CR-Doc. 13). On June 29, 2007, Petitioner filed a written waiver of his right to a speedy trial in which he "knowingly, intelligently, and voluntarily waiv[ed] ([GAVE] UP) his/her rights to a speedy trial" (CR-Doc. 29). On July 9, 2007, Petitioner filed a Motion to Suppress (CR-Doc. 32), which the Court denied after a full evidentiary hearing (CR-Doc. 44). Thereafter, Petitioner entered his plea of guilty before the Magistrate Judge (CR-Doc. 59).[2] Petitioner did not object to the Magistrate Judge's Report and Recommendation, which explicitly found that "the guilty plea was knowledgeable and voluntary and that the offenses

---

[1] *See* Criminal Case No. 06:07-cr-68-GAP-GJK-1 (M.D. Fla. 2007). References to the docket in Petitioner's criminal case will be cited to as "CR-Doc."

[2] At no time, however, did Petitioner ever enter into a plea agreement with the Government.

-2-

charged [were] supported by an independent basis in fact containing each of the essential elements of [the] offense" (CR-Doc. 62).  The Court accepted Petitioner's guilty plea on September 4, 2007 (CR-Doc. 65) and subsequently sentenced Petitioner to a mandatory ten (10) year term of imprisonment with five (5) years of supervised release (CR-Doc. 76).

Petitioner appealed his sentence to the Eleventh Circuit Court of Appeals, which affirmed the sentence in an unpublished opinion on October 15, 2008.  *United States v. Rodriguez-Colon*, 296 Fed. Appx. 767 (11th Cir. 2008); *see also* (CR-Doc. 110).  Specifically, the Eleventh Circuit held that Petitioner was not entitled to safety-valve relief under Section 5C1.2(a)(5) of the United States Sentencing Guidelines because he had not "truthfully provided to the Government all information and evidence [he] had concerning the offense."  *Id*. at 768.  Petitioner did not raise any of the claims in his instant Motion on direct appeal to the Eleventh Circuit.

## III.  Analysis

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.  This rule generally applies to all claims, including constitutional claims."  *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).  This procedural bar can be avoided by demonstrating that: (a) cause and prejudice exist for the failure to raise the claim on direct appeal; or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Mills*, 36 F.3d at 1055.  Constitutionally ineffective assistance of counsel may constitute cause.  *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002) (citation omitted).  However, a petitioner must still fully allege and prove deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984).

In *Strickland*, the United States Supreme Court established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."

---

[3] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

-4-

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

Because Petitioner failed to raise any of the claims in his instant Motion on direct appeal, Petitioner contends that the ineffective assistance of his counsel constitutes cause for excusing the procedural bar. Accordingly, the Court analyzes Petitioner's claims, *infra*, under the *Strickland* framework.

*Claim One*

Petitioner asserts that his trial counsel was ineffective in failing to preserve a claim that his speedy trial rights were violated. Notwithstanding his guilty plea[4] and written waiver of his right to a speedy trial, Petitioner contends "that the 157 days delay in trying him violated the Speedy Trial Act, and that any waiver of the Act's application" in his case was invalid (Doc. 1-2 at 11). Because the Court putatively did not make any on the record finding that the ends of justice would be served by the granting of a continuance, Petitioner argues that the delay in "trying him" violated the Speedy Trial Act.

Upon review, counsel's performance with respect to Petitioner's Speed Trial Act claim was clearly not deficient. The exclusions to the Speed Trial Act squarely encompass any of the delays in Petitioner's case. *See* 18 U.S.C. § 3161(h). Indeed, Petitioner's own motion to continue his case (CR-Doc. 27), his Motion to Suppress (CR-Doc. 32), the time period involved in resolving that motion (CR-Doc. 42), as well as the Court's own continuances (CR-Docs. 34, 35, and 45) all constitute excluded periods of time under the Speedy Trial Act. When these periods are properly

---

[4] Petitioner does not challenge the entry of his plea.

excluded, there simply was no violation of the Speed Trial Act in Petitioner's case. Accordingly, counsel's failure to raise this non-meritorious claim was clearly not deficient.

*Claim Two*

Petitioner asserts that his trial counsel was ineffective in failing to preserve a *Booker* and actual innocence claim. With respect to this claim, Petitioner contends that his constitutional rights were violated "when his sentence was enhanced beyond the statutory maximum by facts not found by a jury, not admitted to, and not found by any trier of fact beyond a reasonable doubt" (Doc. 1-2 at 14). Notwithstanding the fact that Petitioner has confused the statutory maximum with a guideline sentence,[5] Petitioner contends that the Court improperly found that the amount of cocaine involved in Petitioner's case was at least five kilograms because only 4987 grams of cocaine were seized in Petitioner's garage. As a result, Petitioner contends that his counsel was ineffective in failing to raise this issue during sentencing.

Upon review, Petitioner has failed to establish deficient performance with respect to his *Booker* and actual innocence claim. As the Government observes, "Petitioner incorrectly has focused on the fact that the 2 parcels seized on April 17, 2007, had 4987 grams of cocaine, while ignoring the 4 empty parcels in his garage...and his confession to receiving other parcels containing kilo's [sic] of cocaine" (Doc. 3 at 17). Indeed, Petitioner specifically admitted to possessing five or more kilograms of cocaine during his allocution before the Magistrate Judge and clearly admitted to understanding that the mandatory minimum sentence in case was ten (10) years. In light of Petitioner's own admission that he possessed more than five kilograms of

---

[5]The statutory maximum for Petitioner's sentence was life imprisonment. 21 U.S.C. § 841(b)(1)(ii).

cocaine, Petitioner's counsel had no basis to assert any *Booker* or actual innocence claim. Accordingly, counsel's performance in failing to raise or preserve this claim was clearly not deficient.

*Claim Three*

Petitioner asserts that his counsel was ineffective in failing to preserve a claim that his sentence was illegal as a matter of law. The basis for this claim is the same as Petitioner's second claim: Petitioner contends that the Court improperly found that the amount of cocaine involved in Petitioner's case was at least five kilograms because only 4987 grams of cocaine were seized in Petitioner's garage (Doc. 1-2 at 17-18).

For the reasons stated, *supra*, counsel's performance clearly was not deficient in failing to preserve a claim that Petitioner's sentence was illegal as a matter of law. Because Petitioner's sentence was based on his own admission that he possessed more than five (5) kilograms of cocaine, the mandatory minimum sentence Petitioner received was not illegal.[6]

*Claim Four*

Finally, Petitioner contends that his counsel was ineffective in failing to preserve a claim that seized evidence was the fruit of the poisonous tree. Notwithstanding the fact that Petitioner entered his guilty plea after this Court denied his Motion to Suppress on this very issue, Petitioner

---

[6]Indeed, because Petitioner did not qualify for safety valve relief under Section 5C1.2(a) of the United States Sentencing Guidelines and 18 U.S.C. § 3553(f) – due to his failure to "truthfully provide[] to the Government all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan" – the Court necessarily imposed a mandatory minimum sentence.

argues that the two kilograms of cocaine and empty boxes seized from his garage were taken in violation of the Fourth Amendment to the U.S. Constitution (Doc. 1-2 at 18-19).

Upon review, Petitioner has failed to establish that his counsel's performance was deficient in failing to preserve an unlawful seizure claim. As the Government notes, "After his motion to suppress was denied, Petitioner had the choice to proceed to trial, and, if convicted, preserve his objection to the evidence for appeal. Instead, he chose to plead guilty, thus terminating his suppression claims...[T]he trial court was correct in denying the motion to suppress" (Doc. 3 at 17). Indeed, this Court has reviewed Petitioner's Motion to Suppress and finds it to be as equally devoid of merit today as it was when the Court denied the motion on August 13, 2007 (CR-Doc. 44). There was simply no reason for Petitioner's counsel to preserve this non-meritorious issue for appeal.

## IV. Conclusion

Because Petitioner has failed to establish any cause that would excuse his procedural default, none of Petitioner's claims are cognizable on collateral review. Even assuming, *arguendo*, that Petitioner's claims were not procedurally barred, a thorough review of the entire record in this case reveals that Petitioner's claims are without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion to Vacate, Set Aside, or Correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Carlos Rodriguez-Colon is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file. A certified copy of this Order and the judgment shall also be filed in criminal case number 06:07-cr-68-GAP-GJK-1 (M.D. Fla. 2007).

4. The Clerk of the Court is further directed to terminate the § 2255 motion filed in criminal case number 06:07-cr-68-GAP-GJK-1 (M.D. Fla. 2007) at Doc. No. 109.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 12, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE